ATTORNEYS AT LAW
225 LIBERTY STREET, 28TH FLOOR   NEW YORK, NY 10281-1008
www.sedgwicklaw.com   212.422.0202 *phone*   212.422.0925 *fax*



*John T. Seybert*
*john.seybert@sedgwicklaw.com*

January 7, 2015

*Via ECF and Email*
Hon. Andrew L. Carter
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Paula Malm* v. *Lixi Nanuet, Inc. et al*
 Civil Action No.: 14-cv-09655 (ALC)
 File No.: 01720-107497

Dear Judge Carter:

This office represents the defendant Health Republic Insurance Company of New York, incorrectly sued herein as "Freelancers Health Service Corporation d/b/a Health Republic Insurance Of New York" (hereinafter, "Health Republic"). We write to request a conference to discuss Health Republic's proposed motion to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6), FED. R. CIV. P., because Plaintiff's alleged causes of action fail to state a claim upon which relief can be granted against Health Republic.

On November 4, 2014, Plaintiff, Paula Malm ("Malm"), filed a Complaint against Defendants in the Supreme Court of the State of New York, County of Rockland. On December 4, 2014, with the consent of all Defendants, Defendants, Lixi Nanuet, Inc. ("Lixi"), Lixi Group, Inc. and Hampton Inns Franchise, LLC timely removed the action to this Court based on federal question subject matter jurisdiction. (Doc. No. 1). Defendant Daniel Murphy ("Murphy") has not filed an appearance in the action. Health Republic filed a stipulation and letter requesting an extension of its time to respond to the Complaint to January 7, 2015. (Doc. No. 4). By letter dated December 12, 2014, Lixi filed a letter requesting a pre-motion conference to discuss Lixi's proposed motion to dismiss Malm's Complaint because her state law claims are completely preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.*, as amended ("ERISA"). (Doc. No. 5). We also request a conference to address Health Republic's proposed motion to dismiss for substantially the same reasons as set forth in Lixi's proposed motion and as further explained below.

Malm was eligible to participate in the Lixi health care employee welfare benefit plan (the "Plan") because she was a dependent, domestic partner, of co-defendant, employee, Murphy. (Comp., ¶8). The Plan benefits were insured by Health Republic. (Comp., ¶6). On or about March 27, 2014, Murphy and Malm had a fight and shortly thereafter Murphy filed paperwork with Lixi to terminate Malm's dependent

coverage in the Plan effective March 31, 2014. (Comp., ¶¶10-11). According to the allegations in the Complaint, Malm was no longer enrolled in the Plan after March 31, 2014. (Comp., ¶12).

Starting on April 5, 2014, Malm was hospitalized for six days due to an allergic reaction to medication. (Comp., ¶¶14-17). According to the Complaint, Murphy advised Malm that her coverage was in full force. (Comp., ¶15). Malm alleges that she had no knowledge that her enrollment in the group benefit plan was terminated effective April 1, 2014. (Comp., ¶18). Malm alleges that she incurred $62,000.00 in medical expenses which allegedly should have been covered by the Plan. (Comp., ¶¶23-24).

Malm alleges the following causes of action seeking coverage for the services associated with the hospital stay and subsequent doctor visits: (1) violation of New York Insurance Law §3221(m); (2) violation of New York Labor Law §217; (3) violation of the Health Insurance Portability And Accountability Act of 1996's ("HIPAA") implementing regulation 45 C.F.R. §146.115; (4) Negligence; (5) *Per se* negligence; (6) Negligent misrepresentation; (7) Negligence/*prima facie* tort; and (8) breach of contract.

Malm's First, Second and Fourth through Eighth Causes of Action are all completely preempted by ERISA. *See Aetna Health Inc.* v. *Davila*, 542 U.S. 200 (2004); *Metropolitan Life Ins. Co.* v. *Taylor*, 481 U.S. 58 (1987); *Pilot Life Ins. Co.* v. *Dedeaux*, 481 U.S. 41 (1987). The Plan is indisputably an employee welfare benefit plan governed by ERISA. All of these state law claims are alternate enforcement mechanisms seeking to obtain health insurance benefits from the Plan and are therefore an impermissible end run around the exclusive federal remedial provision in ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B).

In *Montefiore Medical Center* v. *Teamsters Local 272*, 642 F.3d 321(2d Cir. 2011), the Court of Appeals for Second Circuit addressed this issue, where the Second Circuit applied *Davila*, 542 U.S. at 210, and ruled that a claim is completely preempted by ERISA if: (1) the plaintiff is a party who may bring a claim under ERISA §502(a)(i)(B); (2) the claim at issue involves a right to the benefits (or a right to clarify rights to future benefits); and (3) there is no independent legal duty that forms the basis for the action. Malm is a person with a colorable claim to benefits as an alleged participant in the Plan. (Comp., ¶8). Her claim indisputably involves an alleged right to benefits; i.e., healthcare benefits for her hospital stay and medical treatment after March 31, 2014. (Comp., ¶Wherefore, (ii)). Indeed, the only way that this Court can resolve the matter is by reference to the controlling Plan documents. (*See* Comp., ¶¶70-72). Moreover, Health Republic does not owe, and Malm does not identify, any obligation independent of ERISA owed by Health Republic to her. (Comp., ¶6). Accordingly, the only claim that Malm may assert against Health Republic is a claim for benefits under ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B). Accordingly, all of Malm's state law causes of action are completely preempted by ERISA and therefore, fail to state a claim upon which relief may be granted. *See* ERISA 514, 29 U.S.C. §1144.

Malm's Third Cause of Action alleges a claim under HIPAA's implementing regulations. But HIPAA does not provide a private right of action. *See generally Cort* v. *Ash*, 422 U.S. 66, 78 (1975); *Warren Pearl Const. Corp.* v. *Guardian Life Ins. Co. of Am.*, 639 F. Supp. 2d 371, 377 (S.D.N.Y. 2009) ("As a result, courts have held that HIPAA does not provide for either an express or implied private right of action.")(collecting cases); *see also Shallow* v. *Scofield*, No. 11 CIV. 6028 JMF, 2012 WL 4327388, at *4 (S.D.N.Y. Sept. 21, 2012) (dismissing HIPAA claim). Accordingly, the Third Cause of Action fails to state a claim for which relief may be granted.

Health Republic believes that there are additional bases for its proposed motion to dismiss, and it is currently investigating and reviewing the relevant claim and plan information. However, Health Republic asserts that since Malm has not alleged a claim under ERISA and her Third Cause of Action fails to state a claim for which relief may be granted, her Complaint should be dismissed with respect to her claims against Health Republic. Accordingly, Health Republic respectfully requests a conference to address its proposed basis for a motion to dismiss.

Thank you for your consideration of this matter.

Respectfully submitted,

John T. Seybert
Sedgwick LLP

cc:
Randi F. Knepper, Esq.
Michael A. Starvaggi, Esq.

Hon. Andrew L. Carter, Jr.
*Paula Malm* v. *Lixi Nanuet, Inc. et al*
Civil Action No.: 14-cv-09655 (ALC)
January 7, 2015

## CERTIFICATE OF SERVICE

      I, John T. Seybert, hereby certify and affirm that a true and correct copy of the attached **LETTER DATED JANUARY 7, 2015** was served via ECF and email on this 7th day of January 2015, upon the following:

Randi F. Knepper
1300 Mount Kemble Avenue
PO Box 2075
Morristown, NJ 07962

Michael A. Starvaggi
Starvaggi Law Offices, P.C.
Attorneys for the Plaintiff
P.O. Box 229
Valley Cottage, NY 10989
(845) 589-9456

          s/ John T. Seybert
          John T. Seybert

Dated:    New York, New York
              January 7, 2015